Mr. Tom Collins Chief of Police City of Apopka 175 East Fifth Street Apopka, Florida 32703
Dear Chief Collins:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 Whether the City of Apopka Police Department is authorized to enforce the Florida Uniform Traffic Control Law, Ch. 316, F.S., on private property?
In summary, I am of the opinion that:
 1. A municipal police department may enforce the Florida Uniform Traffic Control Law on private property where the public has the right to travel by motor vehicle and on private roads or other limited access roads owned or controlled by a special district when such roads are within municipal boundaries and a written agreement has been entered into by the parties pursuant to s. 316.006(2)(b), F.S.
 2. A municipal police department is authorized, but not required, by s. 316.640(4), F.S., to enforce the traffic laws within a mobile home park recreation district as described in that subsection.
This office has, in a number of prior opinions, stated that the provisions of Ch. 316, F.S., are enforceable on private property only when the public has a right to travel by motor vehicle on such property. This conclusion was based on the language of s.316.640, F.S., which provides, in part, that municipalities shall enforce state traffic laws on all municipal streets and highways "wherever the public has the right to travel by motor vehicle."[1]
It is the availability of the area or place for travel and the right of general and common use which makes certain private property subject to public control pursuant to Ch. 316, F.S.[2]
Thus, this office has determined that municipalities have enforcement authority with respect to traffic violations and accidents occurring on "private property" where the public has the right to travel by motor vehicle such as shopping centers and parking lots.[3] However, no such law enforcement authority has been determined to exist with regard to private roads located within a private development or over roads or streets within a special taxing district where such thoroughfares are not available for public use.[4]
Recognizing that "there are many private residential developments and special districts throughout the state containing roads not considered to be fully accessible to the public" and in response to Attorney General Opinions stating that local authorities are not authorized or obligated to enforce traffic laws in certain private neighborhoods and special districts,[5] the Legislature enacted amendments to Ch. 316, F.S., during the 1987 legislative session.[6] These amendments appear to supply additional authority for municipal law enforcement officers to enforce traffic laws on certain private property.
Section 316.006, F.S., vests jurisdiction to control traffic in the state, counties, and municipalities. Subsection (2)(b), supra, which was added by s. 3, Ch. 87-88, Laws of Florida, now provides that:
 A municipality may exercise jurisdiction over any private road or roads, or over any limited access road or roads owned or controlled by a special district, located within its boundaries if the municipality and party or parties owning or controlling such road or roads provide, by written agreement approved by the governing body of the municipality, for municipal traffic control jurisdiction over the road or roads encompassed by such agreement. . . .[7]
An agreement entered into pursuant to s. 316.006(2)(b), F.S., must provide for reimbursement for the actual costs of traffic control and enforcement and for liability insurance and indemnification by the party or parties who own or control such road or roads. Such other terms as are mutually agreeable to the parties may also be included in the agreement.[8]
Section 316.640, F.S., provides generally for the enforcement of traffic laws and, more specifically, states that municipalities shall enforce state traffic laws on municipal thoroughfares "wherever the public has the right to travel." Section 316.640(3), F.S., now provides additional authority to municipal police departments to "enforce the traffic laws of this state on any private or limited access road or roads over which the municipality has jurisdiction pursuant to a written agreement entered into under s. 316.006(2)(b)."[9]
Your letter specifically mentions traffic control by municipal police officers in "trailer parks." Section 316.640(4), F.S., was enacted to authorize but not require "the police department of each chartered municipality . . . to enforce the traffic laws of this state on any way or place used for vehicular traffic on a controlled access basis within a mobile home park recreation district which has been created under s. 418.30 and the recreational facilities of which district are open to the general public."[10]
Based upon the foregoing, it is my opinion that a municipal police department is authorized to enforce the Florida Uniform Traffic Control Law on private property where the public has the right to travel by motor vehicle. Further, municipal law enforcement officers now possess additional statutory authority to enforce appropriate provisions of Ch. 316, F.S., over private roads or over limited access roads owned or controlled by a special district when such roads are within municipal boundaries and a written agreement pursuant to s. 316.006(2)(b), F.S., has been entered into by the parties. In addition, a municipal police department is now specifically authorized, but not required, by s.316.640(4), F.S., to enforce the traffic laws of this state within a mobile home park recreation district as described in that section.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, AGO's 86-59 and 83-84.
[2] See, e.g., AGO 86-59 (municipal police department not authorized to enforce provisions of Ch. 316, F.S., within park and recreation district created by special act since general public not permitted to travel by motor vehicle therein); AGO 84-46 (if public has right to travel on access road owned and maintained by airport authority and located entirely within territorial limits of authority, then provisions of Ch. 316, F.S., are applicable to and may be enforced on such road); AGO 83-84 (if access to and common use of roads on private property not generally available to public but legally limited by recorded restrictive covenants to persons having express or implied permission from owner, then provisions of Ch. 316, F.S., not applicable and municipal police department does not have right or obligation or authority to enforce Ch. 316, F.S., on such private property regardless of invitation by private property owner to police department); and AGO's 66-59 and 58-144 (where private owner permits general and common use of street or way by public, such street subjected to all necessary controls applicable to public streets).
[3] See, AGO's 73-323 and 72-383.
[4] See, AGO's 86-59 and 83-84.
[5] See, WHEREAS clauses, Ch. 87-88, Laws of Florida.
[6] Chapters 87-88 and 87-178, Laws of Florida.
[7] And see, s. 316.003(33), F.S., excluding the provisions of s.316.003(53)(b), F.S., from the definition of "private road or driveway." Section 316.003(53)(b), F.S., includes within the definition of "street or highway":
 The entire width between the boundary lines of any privately owned way or place used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons, or any limited access road owned or controlled by a special district, whenever, by written agreement entered into under s. 316.006(2)(b) or (3)(b), a county or municipality exercises traffic control jurisdiction over said way or place.
[8] Section 316.006(2)(b)1., F.S. And see, s. 316.006(2)(b)2., F.S., which provides that "[t]he exercise of jurisdiction provided for herein shall be in addition to jurisdictional authority presently exercised by municipalities under law. . . ."
[9] Section 4, Ch. 87-88, Laws of Florida.
[10] And see, s. 316.003(53)(d), F.S., including within the definition of "street or highway" "[a]ny way or place used for vehicular traffic on a controlled access basis within a mobile home park recreation district which has been created under s.418.30 and the recreational facilities of which district are open to the general public."